IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06cr170-WHA |
| | ) | |
| MICHAEL WAYNE CATRETT | ) | |

<u>PRELIMINARY ORDER OF FORFEITURE</u>

WHEREAS, in the forfeiture allegation of the superseding indictment and the bill of particulars in the above case, the United States sought forfeiture of specific property, and,

WHEREAS, defendant consents to the forfeiture of specific property,

IT IS HEREBY ORDERED THAT:

1.   As a result of the guilty plea on Count 1 of the superseding indictment, for which the Government sought forfeiture pursuant to Title 21, United States Code, Section 853, the defendant shall forfeit to the United States: any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in count 1 of the superseding indictment.

2.   The Court has determined that the following property is subject to forfeiture pursuant to Title 21, United States Code, Section 853; that the defendant had an interest in such property; and, that the United States has established the requisite nexus

between such property and such offense:

> One 2001 Suzuki 600 motorcycle, VIN: JS1GN79AX12100417;
>
> One Ford (New Holland) Tractor, Model 5610 2WD, tractor number 303365M, unit number 5H31B;
>
> One Bush Hog Hydraulic Loader, model Number 2845, serial number 12-02179; and,
>
> One 1997 Ford Mustang Convertible, VIN: 1FALP4448VF158853.

3.   Upon the entry of this Order, the United States Attorney General is authorized to seize the above-listed property and conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.   Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.   The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6.   Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of

notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

    7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the oral pronouncement of sentence and included in the written judgment in a criminal case. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

    8. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

    9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or

desirable to resolve factual issues.

10. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

12. IT IS FURTHER ORDERED that the Clerk of the Court shall note entry of this Order in writing on the Judgment in a Criminal Case and forward four certified copies of this Order to the United States Attorney's Office.

SO ORDERED this the 17th day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE