```
          IN THE DISTRICT COURT OF THE UNITED STATES
            FOR THE MIDDLE DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

UNITED STATES OF AMERICA )
)
    v. ) CR. NO. 1:06cr170-WHA
)
MICHAEL WAYNE CATRETT )

<u>RESPONSE TO PETITION</u>

COMES NOW the United States Attorney's Office for the Middle District of Alabama, by and through the undersigned Assistant United States Attorney and hereby states the following:

## I. <u>Background</u>

Michael Wayne Catrett ("the defendant") pleaded guilty to Counts 1 and 3 of the Superseding Indictment in criminal case number 1:06cr170-WHA. These counts involved a conspiracy to manufacture, possess and distribute methamphetamine and the maintenance of a place for the purpose of manufacturing, distributing, and using methamphetamine respectively. Both counts involved criminal activity occurring between 2003 and May 31, 2006.

On April 17, 2007, a Preliminary Order of Forfeiture was entered in the same criminal case forfeiting the defendant's interest in a 2001 Suzuki Motorcycle, a Ford (New Holland) Tractor, a Bush Hog Loader and a 1997 Ford Mustang convertible. The forfeiture was based upon the property's connection to the crime as established in Count 1 and 21 U.S.C. § 853.

The United States published notice of this forfeiture and Michael Wayne Catrett, Jr. (son of the defendant) - ("Catrett,

Jr.") filed a petition asserting an interest in the tractor and the loader only. Catrett, Jr. based his assertion upon a "Bill of Sale" dated April 2, 2003, wherein one Coley Franklin Catrett conveyed the tractor and loader to Catrett, Jr. as a gift. No consideration was given for the alleged conveyance of title.

## II. Argument

> All right, title and interest in property....vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes...that he is a bona fide purchaser for value of such property.

21 U.S.C. § 853.

Unless he had an interest in the property prior to its connection to the illegal act, a petitioner must show that he is a "bona fide purchaser for value" by a preponderance of the evidence. See 21 U.S.C. § 853(n)(6)(B).

The petitioner, not the Government, bears the burden of proving one of the limited grounds for recovery by a preponderance of the evidence. See 21 U.S.C. § 853(n)(6).

Here it is undisputed that Catrett, Jr. received his alleged interest no earlier than April 2, 2003. Because the conviction establishes that the property was involved in the crime beginning in 2003, Catrett, Jr.'s interest, if any, was **not** superior to that of the Defendant at the time of the illegal acts. Accordingly, Catrett, Jr. must be a bona fide purchaser for value.

He cannot carry his burden because he received his interest, if any, as a gift for no consideration or value. If a petitioner's claim lacks merit as a matter of law, it can be disposed of on a motion for summary judgment without a hearing. United States v. Martinez, 228 F.3d 587, 589 (5th Cir. 2000). But see Pacheco v. Serendensky, 393 F.3d 348, 351-52 (2nd Cir. 2004) (only after some discovery is conducted may a party move for summary judgment. Until discovery occurs the case may be resolved only upon the standard established for a motion to dismiss.)

Under either standard, however, Catrett, Jr.'s petition should be dismissed. He cannot establish that he is a bona fide purchaser for value as shown by his own petition.

III. <u>Conclusion</u>

The petition should be dismissed.

Respectfully submitted this 7th day of June, 2007.

```
                    FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY



                     /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Office of the United States Attorney
                    Middle District of Alabama
                    One Court Square, Suite 201 (36104)
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280
                    Facsimile:(334) 223-7560
                    E-mail: John.Harmon@usdoj.gov
```

CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Donnie Wayne Bethel, A. Clark Morris** and **Sydney Albert Smith**.

    /s/John T. Harmon
John T. Harmon
Assistant United States Attorney