IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff;

vs.                                    CR. NO. 1:06CR170-WHA

MICHAEL WAYNE CATRETT,
    Defendant.

### RESPONSE TO GOVERNMENTS'S RESPONSE TO OWNER'S PETITION and PETITIONER'S MOTION FOR SUMMARY JUDGMENT

COMES NOW **MICHAEL WAYNE CATRETT, JR.,** son of the Defendant in the above styled cause, and, pursuant to the Court's Order of June 13, 2007, (Document No. 451) to respond to the Government's Response to Petition (Doc. #447), does provide as follows:

1. Michael Wayne Catrett, the Defendant, pleaded guilty to an indictment containing an allegation of forfeiture for certain property, including: One Ford (New Holland) Tractor, Model 5610 2WD, tractor number 303365M, unit number 5H31B;

One Bush Hog Hydraulic Loader, model Number 2845, serial number 12-02179.

2. Michael Wayne Catrett, Jr., the Petitioner, timely filed pursuant to 21 U.S.C.A. § 853(n)(2), a verified petition claiming an interest in that property. Accompanying that verified petition were exhibits establishing that one James Ray Faircloth purchased from the Elba Ford Tractor Company on August 14, 1996, the tractor and bush hog loader; that James Ray Faircloth sold to Frank Catrett, the grandfather of the Petitioner, the tractor and loader on April 3, 2000, for the sum of $16,500; and that the grandfather of the Petitioner sold/gave the property to the Petitioner on April 3, 2003.

3. No where in the Government's documents does the Defendant claim an ownership in the property the subject of this Petition. No documents establishes **any** ownership by the Defendant of the property. The Defendant entered a plea agreement which included an agreement to forfeit this property to the government, however, he could just have well agreed to forfeit the White House with the same legal effect as to the property itself.

> "In a criminal proceeding, the United States acquires the defendant's interest in the property, which is described in the indictment, if the Government establishes that such interest constitutes § 853(a) property, and the district court thereafter enters a final judgment adjudicating the defendant's guilt, imposing the defendant's sentence, and ordering **forfeiture** of the defendant's interest. 21 U.S.C. § 853(a); 18 U.S.C. § 3554; Fed. R. Crim P. 32.2.(fn1)." Once the defendant's interest in the subject property is forfeited by the entry of a final judgment, any person (other than the convicted defendant) claiming an interest in the property may commence an ancillary proceeding in the district court by petitioning the court pursuant to 21 U.S.C. § 853(n)(2) to enter an order declaring that his or her interest is superior to the defendant's interest (which the final judgment forfeited to the United States).(fn2)." **;** United States v. Pease, 331 F.3d 809, 809 (11th Cir. 05/22/2003).

4. The Petitioner's documents, as well as the exhibits to the verified petition, [1] clearly show that the tractor was never owned by the Defendant, was owned in a direct line of possession by the original purchaser, then the Petitioner's grandfather prior to the alleged beginning of the conspiracy[2], then the Petitioner as of April 2, 2003. The subject property was located on the real property **owned**

---

[1] The verified petition which incorporates the documents showing the ownership history of the property to the exclusion of the Defendant, should place this civil action in a posture of summary judgment motion.

[2] The indictment only states the conspiracy begin in 2003. Not even the plea agreement alleges any more specific starting date.

**by the Petitioner.**[3]

5. The Government takes the position that, "The forfeiture was based upon the property's connection to the crime as established in Court 1 and 21 U.S.C. § 853." The Government also states, "Unless he had an interest in the property prior to its connection to the illegal act, a petitioner must show that he is a 'bona fide purchaser for value' by a preponderance of the evidence. See 21 U.S.C. § 853(n)(6)(B)". The Government states, "The petitioner, not the Government, bears the burden of proving one of the limited grounds fro recovery by a preponderance of the evidence. See 21 U.S.C. § 853(n)(6)." The Government's position is misplaced due to multiple assumptions which are incorrect.

6. First, the "property" sought to be forfeited must be "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of a drug violation, See 21 U.S.C. § 853 (a) (1); or, any of the person's property, used, or intended to be used, in any manner or part, to commit, or facilitate the commission of a drug violation. See 21 U.S.C. § 853 (a) (2). As to third party transfers, 21 U.S.C. § 853 ( c) provides that after the commission of the illegal drug act, any property of the Defendant transferred to a third party can be recovered if the third party establishes that he was a bona fide purchaser for value and, at the time of the transfer was reasonable without cause to believe that the property was subject to forfeiture, and establishes that status by a preponderance of the evidence.

7. The Government first has the burden to establish by a preponderance of the evidence that:

---

[3] As the verified Petition states, the Petitioner resides in Ozark, Dale County, Alabama, acquired the real property in Coffee County, where the tractor and loader were stored, from the same grandfather from whom he obtained the subject property. There has never been an allegation that the Petitioner had knowledge of any drug activity on the real property he owned nor that the tractor and loader were associated with drug activity or purchased with drug proceeds. He specifically denies in the verified petition that subject property was associated with drug activity.

(1) such property was acquired by such person during the period of the violation of this subchapter or subchapter II or this chapter or within a reasonable time after such period; and (2) there was no likely source for such property other than the violation of this subchapter or subchapter II of this chapter.  See 21 U.S.C. § 853 (d).  There is a rebuttable presumption that the described property is due to be forfeited, but the Government must meet its burden first.  They have not done that here, and, clearly, even if the Government had, the Petitioner has rebutted any presumption.

8.  The Defendant **never** owned the property in question.  The Petitioner's documents are unrefuted and clearly establish that fact.  There is no allegation, and no proof by any standard that the property was acquired by the Defendant with drug proceeds, and he didn't acquire the property by title anyway.  There is no proof by any standard that the property was used in the connection of any drug activity, certainly no allegation nor proof that rebuts the verified petition of the Petitioner.

9.  The Petitioner has established by the verified Petition with supporting documents that the Petitioner has a legal right, title, or interest in the subject property because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the property.  The Petitioner does not claim to be a bona fide purchaser from the Defendant for value.  He maintains that the Defendant was never the owner of the property.

10.  The Government places some significance in the offense date being "from in or about 2003" and the Petitioner's title in the property sought to be forfeited coming into being on April 3, 2003. The Government's position is premised on the Petitioner's trying to establish he is a bona fide purchaser for value.  The Government argues that since the property was a gift there was no value, and the Petitioner might have obtained his title after the beginning of the conspiracy.  The

Government's argument is misplaced. Nothing in the Government's pleadings states when the crime begin other than the vague, "from in or about 2003". Such is too vague to withstand proof by a preponderance of the evidence to create a rebuttable presumption that the Petitioner's title vesting before the crime is made by the Government's allegation in the face of the Bill of Sale to the Petitioner from his grandfather. Further, a gift from a loved one can be consideration itself. **XXX**

    10. The Documents in the Court file further support the Petitioner's claim. Document One (1) filed on December 28, 1006, is a Criminal Complaint sworn to by Devin L. Whittle, Special Agent of the United States Department of Justice, Drug Enforcement Administration. That six (6) page documents avers that the Defendant in **May, 2006** was engaged in criminal drug activity in Coffee County, more specifically 1155 County Road 615, New Brockton, Alabama. No mention is made of the subject property. The indictment, superseding indictment, and second superseding indictment (Document #150), which the Defendant plead guilty to, contain an allegation for forfeiture without mentioning any specific property description. The plea agreement, (Document #295) for the first time mentions specific property when it states at page 4, paragraph 3, b. "To not contest the forfeiture of: ...2) a Ford (New Holland) Tractor, Model 5610 2WD, tractor number 303365M, unit number 5H31B; 3) a Bush Hog Hydraulic Loader, model number 2845, serial number 12-02179." The Government's Motion for A Preliminary Order of Forfeiture, (Document #352-1), requests the Court issue the accompanying Preliminary Order of Forfeiture, (Document #325-2) which lists the subject property and avers, "[T]hat the Defendant had an interest in such property, and that the United States has established the requisite nexus between such property and such offense...", and the Court issued the Preliminary Order of Forfeiture as Document #427. This requested order is the first time a description of the subject property is made **with** an averment that

the Defendant had any interest in the property. The Petitioner responded with the verified petition, the only sworn documents in the file averring an ownership interest in the property. Further, the Petition is the only document in the file which is sworn or otherwise that references any nexus or lack of nexus with drug activity other than the suggested order, Document #427. The Petitioner, under oath, avers that there is no nexus between the property and drug activity.

11. The Petitioner moves this Honorable Court to Grant Summary Judgment to the Petition and order the return of his property. Summary judgment is appropriate where "`there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" Wooden v. Bd. of Regents of the Univ. Sys. of Ga., 247 F.3d 1262, 1271 (11th Cir. 2001) (quoting Fed. R. Civ. P. 56(c)). United States v. Soreide, No. 05-12559, ____ F.3d ____ (11th Cir. 2006).

PREMISE considered, the tractor and loader are due to be returned to the Petitioner, forthwith.

Respectfully submitted this the 14th day of June, 2007.

-S/
_____
Sydney Albert Smith    ASB-3560-H70S
Attorney for Petitioner
P. O. Drawer 389
Elba, AL 36323
Phone:        334-897-3658
Fax:          334-897-6824
sydneyalbertsmith@charter.net

I hereby certify that I have served a copy of the forgoing by electronic mail with the Court's Efile system on:
John T. Harmon, Assistant United States Attorney.

-S/
_____
Sydney Albert Smith