IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 1:06cr170-WHA |
| ) | |
| MICHAEL WAYNE CATRETT ) | |

RESPONSE TO PETITION

COMES NOW the United States Attorney's Office for the Middle District of Alabama, by and through the undersigned Assistant United States Attorney and hereby states the following:

1. The petitioner asserts that Title 21, United States Code, Section 853(d) "Rebuttable Presumption", places the burden in this matter upon the United States to establish that the property at issue was "acquired" by the defendant.

In fact, Title 21, United States Code, Section 853(d) applies only at the criminal trial phase and is not applicable during the ancillary phase of this proceeding. (See 21 U.S.C. § 853(d), "There is a rebuttable presumption at trial..."). This "Rebuttable Presumption" is not applicable here. As noted in the United States' initial response, the burden remains upon the petitioner.

2. The petitioner seeks to attack the forfeiture of the property as determined by the criminal proceeding and plea. However, "determination whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Rule 32.2(b)(2).

> ...no party claiming an interest in property so subject to forfeiture under this section may-
>
> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section.

Title 21, United States Code, Section 853(k)(1).

The ancillary proceeding is the "exclusive means" for third parties to assert claims to forfeited property. See <u>United States v. Gilbert</u>, 244 F.3d 888, 910 (11th Cir. 2001). The third party, not the government bears burden of proving one of the "limited grounds" for recovery by a preponderance of the evidence. <u>Gilbert</u> at 911.[1] The alternative grounds set forth in Title 21, United States Code, Sections 853(n)(6)(A) and (B) are the only grounds for recovery in the ancillary proceeding. <u>United States v. Kennedy</u>, 201 F.3d 1324 (11th Cir. 2000). This section (Title 21, United States Code, Section 853(n)(6)) protects only two classes of petitioners. <u>United States v. Watkins</u>, 320 F.3d 1279 (11th Cir. 2003).

---

[1] <u>Gilbert</u> deals with the application of forfeiture under Title 18, United States Code, Section 1963. However, the language of this section is very similar to the language of Title 21, United States Code, Section 853.

The "ancillary proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property." United States v. Weidner, 2004 WL 432251 (D. Kan. 2004). (copy attached). See also United States v. Strube, 58 F.Supp.2d 576, 586-587 (E.D. Pa 1999) (Section 853(n) is not a vehicle by which all innocent parties aggrieved by a criminal forfeiture can petition for relief, citing United States v. Lavin, 942 F.2d 177, 185 (3rd Cir. 1991)).

The petitioner has the burden of establishing his right to the property. His conjecture that his April 2, 2003 "Bill of Sale" predates the illegal involvement of the property is insufficient to meet this burden. His only remaining avenue of recourse is as a bona fide purchaser for value. As a matter of law he fails this test because his interest was received, if at all, without payment. He cannot meet his burden and his petition should be denied.

Respectfully submitted this 22nd day of June, 2007.

```
                    FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY



                          /s/John T. Harmon
                          John T. Harmon
                          Assistant United States Attorney
                          Office of the United States Attorney
                          Middle District of Alabama
                          One Court Square, Suite 201 (36104)
                          Post Office Box 197
                          Montgomery, Alabama 36101-0197
                          Telephone:(334) 223-7280
                          Facsimile:(334) 223-7560
                          E-mail: John.Harmon@usdoj.gov
```

CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

```
                          /s/John T. Harmon
                          John T. Harmon
                          Assistant United States Attorney
```