IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 1:06CR170-WHA |
| | ) | |
| MICHAEL WAYNE CATRETT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Petition of Owner of Seized Property for Return (Doc. #440), Petitioner's Motion for Summary Judgment (Doc. #452), filed by Michael Wayne Catrett, Jr., together with the Responses filed by the United States (Doc. ## 447 and 456).

The Petition filed in this case is an ancillary proceeding filed pursuant to 21 U.S.C. § 853(n)(2). Michael Wayne Catrett, Jr. claims an ownership interest in One Ford (New Holland) Tractor, Model 5610 2WD, tractor number 303365M, unit number 5H31B and One Bush Hog Hydraulic Loader, model number 28545, serial number 12-02179, which are subject to this court's Preliminary Order of Forfeiture in this criminal case (Doc. #427).

For the reasons to be discussed, the Motion for Summary Judgment is due to be DENIED.

**II. SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

Michael Wayne Catrett, Sr. ("Catrett Sr.") pled guilty to Counts 1 and 3 of a Superceding Indictment. The counts involved a conspiracy to manufacture, possess, and distribute methamphetamine and the maintenance of a place for the purpose of manufacturing, distributing, and using methamphetamine. The counts allege criminal activity occurring between 2003 and May 31, 2006.

On April 17, 2007, a Preliminary Order of Forfeiture was entered in this criminal case, forfeiting Catrett Sr.'s interest in a 2001 Suzuki Motorcycle, a Ford (New Holland) Tractor, a Bush Hog Loader, and a 1997 Ford Mustang convertible. The forfeiture was based on the property's connection to the crimes as alleged in the Superceding Indictment and as established by the guilty plea.

The United States published notice of forfeiture and Michael Wayne Catrett, Jr. ("Catrett Jr.") filed the instant petition asserting an interest in the tractor and loader. Catrett Jr. provides evidence to establish that his grandfather, Coley Franklin Catrett, purchased the tractor and loader from James Ray Faircloth in 2000. Coley Franklin Catrett conveyed the tractor with the loader attached by means of a Bill of Sale, which states that no money was paid, and that the conveyance is a gift. The Bill of Sale is dated April 2, 2003. *See* Petitioner's Exhibit F.

## IV. DISCUSSION

The relevant statute which governs ancillary proceedings by which third parties assert interests in property subject to a preliminary order of forfeiture provides as follows:

> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--

3

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section; the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. 853(n)(6).

Catrett Jr. has asked this court to grant summary judgment in his favor on his Petition for return of the tractor and loader which he claims he owns and in which he claims his father, Catrett Sr., the Defendant in this case, never had any interest. The United States argues that Catrett Jr. cannot establish that he is a good faith purchaser for value, or that he had an interest superior to Catrett Sr.'s at the time of the crime as alleged in the Superceding Indictment, so that summary judgment is not appropriate.

Catrett Jr. does not contend that he is a good faith purchaser for value of the tractor and loader. Instead, he has argued that Catrett Sr. never had an interest in these items of property. He has also argued that because the Superceding Indictment has not alleged a beginning date of the conspiracy in which Catrett Sr. was involved, there is no proof that the conspiracy began before Catrett Jr. was given the items of property. Catrett Jr. has also pointed to the Criminal Complaint in this case which states that Catrett Sr. was engaged in a criminal conspiracy in May 2006. Catrett Jr. argues there is no evidence of the beginning date of the conspiracy.

Catrett Jr. has not conclusively proven, for purposes of his Motion for Summary Judgment, that the property in question was given to him before the beginning of the conspiracy.

Catrett Jr. has, however, presented evidence of the date of the gift to him, April 2, 2003. The only proof of the date of the beginning of the criminal conspiracy is the allegation of the Superceding Indictment that it began sometime in 2003. The court concludes, therefore, that an evidentiary hearing is necessary to resolve the factual issue of whether Catrett Jr.'s interest in April 2, 2003 arose prior to or after the inception of the 2003 criminal conspiracy.

A more fundamental issue is also raised by Catrett Jr. in his Petition in that he has argued that he ought not have to prove that his gift preceded the beginning of the conspiracy because Catrett Sr. never had any interest in the property. The significance of this argument by Catrett Jr. is that the plain language of the statute, as set out above, only applies to situations in which the petitioner and the criminal defendant are the only persons with interests in property subject to forfeiture. The statute presumes that the criminal defendant's evidence that he had an interest in the property at interest is in fact true. The statute does not appear to contemplate a situation in which a third party possesses all of the interest in property, then conveys the entirety of that interest to the petitioner after the beginning of the unrelated criminal conspiracy, but the criminal defendant claims to have an interest in the property.

Under the United States' view of the statute, this court is bound by the criminal defendant's guilty plea to find that the criminal defendant had an interest in the property subject to the preliminary order of forfeiture. One district court outside of this circuit, however, has determined, in deciding an issue of standing, that it was not bound to the factual basis of forfeiture from a guilty plea in a criminal case, reasoning that if Congress wanted to bind the court in that manner, Congress would not have specified that the court is only to "consider the relevant portions of the record in the criminal case." *United States v. Farley*, 919 F. Supp. 276,

278 (S.D. Ohio 1996) (citing 21 U.S.C. § 853(n)(5)).  This reasoning would seem to allow a court to find as a fact, for purposes of the ancillary proceeding, that a defendant did not have an interest in property which is subject to a preliminary order of forfeiture, even though the defendant entered a guilty plea to that effect.

    At this point in the proceedings, this court need not decide whether to follow the reasoning of *Farley* because, as explained above, regardless of whether Catrett Sr. actually has an interest in the property at issue, there is a factual dispute as to the timing of Catrett Jr.'s interest in the property which requires an evidentiary hearing.  The legal issue of whether Catrett Sr.'s guilty plea is binding on this court for purposes of determining Catrett Jr.'s interest in the property, and the facts relevant to that question, are, however, issues which the parties should be prepared to address at the evidentiary hearing.

## V. CONCLUSION

    For the reasons discussed, it is hereby ORDERED as follows:

    1. The Motion for Summary Judgment (Doc. #452) is DENIED.

    2. The Petition of Owner of Seized Property for Return will be set for an evidentiary hearing by separate Order.

    3. The Petition of Owner of Seized Property for Return is set for a status conference, in chambers, in **MONTGOMERY**, Alabama on August 14 at 10:00 a.m., to discuss whether discovery will be necessary before the evidentiary hearing is set, and, if so, outlining the anticipated scope of that discovery, together with other matters relating to management of the case.  Counsel are Directed to confer on the matters in advance of the conference.  The court is willing to hold this conference by telephone if ALL COUNSEL wish to do so.  If any attorney

desires that the conference be conducted by telephone, he or she must arrange for the telephone conference call. The attorney must also notify the court and all other attorneys of the arrangement at least two days prior to the scheduling conference.

Done this 19th day of July, 2007.

                                          /s/ W. Harold Albritton
                                        W. HAROLD ALBRITTON
                                        SENIOR UNITED STATES DISTRICT JUDGE